

election at which the law was adopted in and for Wise county, was held on the fourteenth day of March, 1887. The trial was had on the eleventh day of April, 1888. The act of the Legislature amending the local option law took effect March 30, 1887.

It will be seen from the above statement that the people of Wise county adopted the law as it stood before the amendments were made by the Legislature, and that the offense was committed and the trial had after such amendment had been enacted.

The court charged the penalty prescribed by the amendment of March 30, 1887. This court, at this term, has held that, when the people of a certain locality have adopted the local option law at an election held before the amendment was passed, such amendment was not intended to, and can not affect the law as it existed in such locality prior to the amendment. (See Dawson v. The State, 25 Texas Ct. App., 670.) The amended law will be in force and operate in such localities only as since its passage may, by election, adopt its provisions. This decision is decisive of this case.

Because the court erred in charging the penalty prescribed in the amended law of March 30, 1887, which amended law was not in force in Wise county, the judgment is reversed and the cause remanded to be tried under the old law.

*Reversed and remanded.*

Opinion delivered June 29, 1888.

## No. 6119.

## H. C. AND J. T. GUNNINGHAM *v.* THE STATE.

### ON MOTION FOR REHEARING.

JOINT OFFENDERS—VERDICT—JUDGMENT.—Upon the trial of joint offenders, if the same results in conviction, the verdict must assess separate penalties, and the judgment must conform to such verdict. The verdict in this case reads as follows: "We, the jury, find the defendants guilty as charged, and assess the fine at one hundred dollars;" to which verdict the judgment conforms. *Held*, that the verdict assesses a joint penalty, and that the judgment is not legal.

Appeal from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

The opinion sufficiently discloses the case.

*W. B. Dunham*, for the motion.

*W. L. Davidson*, Assistant Attorney General, for the State.

Hurt, Judge. At a former day of the term this judgment was affirmed without a written opinion, the only points considered being the sufficiency of the indictment, the correctness of the charge, and the evidence.

The motion urges, for the first time, that the verdict and judgment are illegal, and the point is well taken.

Two defendants were jointly indicted and tried. The verdict was: "We, the jury, find the defendants guilty as charged, and assess the fine at one hundred dollars." The judgment on this verdict adjudges a joint fine. The law does not authorize such a judgment, and the verdict would not support a legal judgment. (Flynn et al. v. The State, 8 Texas Ct. App., 398; Matlock v. The State, 25 Texas Ct. App., 715.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 30, 1888.

---

## No. 6164.

### Jeff Cravey et al. *v.* The State.

Scire Facias—Unlawfully Selling Mortgaged Property—Bail Bond which recites the offense as "unlawfully selling mortgaged property" describes no offense against the law of this State, and can not be made the basis of a final judgment in a scire facias proceeding.

Appeal from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.